07 CIV 9528

ALLYN & FORTUNA, LLP
Jesse Kaplan (JK 4594)
Attorneys for Defendant
*DETROIT PHONE CARDS INC. D/B/A OMOBILE*
200 Madison Avenue, 5th floor
New York, New York, 10016-3903
Ph: (212) 213-8844
Fax: (212) 213-3318
"ECF CASE" Judge Harold Baer

UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

XTREME MOBILE, INC.,

    Plaintiff,

vs.

DETROIT PHONE CARDS INC. D/B/A
OMOBILE,

    Defendant.

-----------------------------------------------------------------X

NOTICE OF REMOVAL

Docket No.:

State Court Index No.: 603064/07

    Defendant DETROIT PHONE CARDS INC. D/B/A OMOBILE ("OMOBILE") hereby files this Notice of Removal of the above-described action to the United States District Court, Southern District of New York, from the Supreme Court of the State of New York, County of New York, where the action is now pending as provided by Title 28, U.S. Code, Chapter 89 and states:

    1.    OMOBILE is a defendant in the above entitled action.

    2.    The above-entitled action was commenced in the Supreme Court of the State of New York, County of New York, on or about September 12, 2007, and is now pending in that court. The plaintiff's summons and complaint was first received by the Defendant OMOBILE on or about September 25, 2007.

3. The action is a civil action for breach of contract, quantum meruit, and restitution, and the United States District Court for the Southern District of New York has jurisdiction by reason of the diversity of citizenship of the parties.

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1332. The action is properly removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Upon information and belief, Plaintiff XTREME MOBILE, INC is now and at the time the state action was commenced a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York.

6. Defendant OMOBILE is now and at the time the state action was commenced, a corporation incorporated under the laws of the State of Michigan, having its principal place of business in the State of Michigan.

7. In its complaint, the plaintiff alleges damages in excess of $215,018.34, exclusive of costs and disbursements.

8. No change of citizenship of parties has occurred since the commencement of the action.

9. Defendant is not citizens of the State of New York, the State in which the action was brought.

10. A copy of all process and pleadings served upon Defendant OMOBILE, including the plaintiff's Complaint, are filed with this notice as Exhibit "A".

11. Defendant OMOBILE will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

12. A copy of this notice will be filed with the clerk of the Supreme Court of the State of New York, New York County as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant OMOBILE requests that this action proceed in this Court as an action properly removed to it.

DATED this 24th day of October, 2007

                                                Jesse Kaplan (JK 4594)
                                                ALLYN & FORTUNA, LLP
                                                Attorneys for Defendant
                                                *DETROIT PHONE CARDS INC. D/B/A*
                                                *OMOBILE*
                                                200 Madison Avenue, 5th floor
                                                New York, New York, 10016-3903
                                                Ph: (212) 213-8844
                                                Fax: (212) 213-3318

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
XTREME MOBILE INC.,

              Plaintiff,   :   Index No. 603064/07

    -against-   :   COMPLAINT

DETROIT PHONE CARDS INC. D/B/A
OMOBILE,

              Defendant.
---------------------------------------------------------------x

    Xtreme Mobile Inc. ("Xtreme"), by its attorneys Cohen & Gresser LLP, for its Complaint against Detroit Phone Cards Inc. d/b/a OMobile ("OMobile"), alleges on personal knowledge as to matters relating to itself and on information and belief as to all other matters, as follows:

### PARTIES

    1.    Plaintiff Xtreme is a corporation organized and existing under the laws of the State of Delaware, which is registered to do business in New York. Xtreme sells prepaid wireless telephones (i.e. phones for which the purchase price includes prepaid calling minutes, or "airtime," and pre-assigned telephone numbers that are linked to those minutes). Xtreme purchases the airtime and numbers for those phones from wireless carriers, and bundles them for sale with the telephone equipment.

    2.    Defendant OMobile is a foreign corporation. According to its website, located at www.omobilepcs.com, OMobile also sells prepaid wireless telephones through dealers throughout the United States, including numerous retailers in the State of New York.

## JURISDICTION

3. This Court has personal jurisdiction over OMobile pursuant to CPLR §§ 301 and 302 because, among other things, OMobile regularly does business in the State of New York; many of the transactions of business giving rise to this lawsuit occurred in the State of New York; and OMobile specifically transacted business with Xtreme in the State of New York.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

4. Xtreme repeats and realleges paragraphs 1 to 3 above as if set forth fully and at length herein.

5. Sprint Spectrum LP ("Sprint") and Phonetec, LP ("Phonetec"), who are not parties to this action, entered into an agreement under which Sprint sold to Phonetec airtime and telephone numbers on Sprint's wireless network, to be resold for use with prepaid wireless telephones (the "Sprint-Phonetec Agreement").

6. Phonetec resold some of that airtime (and the linked telephone numbers) to defendant OMobile pursuant to an agreement (the "Phonetec-OMobile Agreement"). OMobile, in turn, resold the airtime and telephone numbers, bundled with OMobile branded prepaid wireless telephones, to consumers.

7. The Phonetec-OMobile Agreement is valid and enforceable.

8. Phonetec performed all of its obligations to OMobile under the Phonetec-OMobile Agreement.

9. OMobile, however, failed to pay Phonetec all of the accrued charges for the airtime and telephone numbers that OMobile purchased from Phonetec. OMobile owes several

Oct-01-07   01:26pm   From-3139455899                        +3139455899           T-049   P.003   F-505

hundred thousand dollars pursuant to unpaid invoices for that airtime (and the linked telephone numbers).

10. In or about July 2007, in exchange for valuable consideration, Phonetec assigned to Xtreme certain of its rights and obligations under the Sprint-Phonetec Agreement and certain other assets of Phonetec (the "Assignment").

11. Among the rights that Xtreme acquired pursuant to the Assignment was the right to receive $75,000 of the several hundred thousand dollars in receivables that OMobile owed to Phonetec for unpaid invoices.

12. The Assignment is valid and enforceable.

13. Xtreme performed all of its obligations under the Assignment.

14. As a result of the Assignment, together with the obligations that OMobile assumed under the Phonetec-Mobile Agreement, OMobile owes to Xtreme the sum of $75,000 plus interest.

15. OMobile has failed to pay any part of that $75,000 sum, despite repeated demands by Xtreme.

16. Accordingly, OMobile is liable to Xtreme for breach of contract.

17. As a result of such breach, Xtreme has been damaged in the amount of $75,000 plus interest.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

18. Xtreme repeats and realleges paragraphs 1 to 17 above as if set forth fully and at length herein.

Oct-01-07  01:26pm  From-3139455899                      +3139455899        T-049  P.004  F-505

19. Subsequent to the Assignment, Xtreme also dealt directly with OMobile and entered into an agreement to sell airtime on Sprint's wireless network, along with telephone numbers on Sprint's network for use with that airtime, to OMobile (the "Xtreme-OMobile Agreement").

20. Under the terms of the Xtreme-OMobile Agreement, OMobile agreed to pay Xtreme for each increment of airtime, and the telephone number linked to that airtime, at the time that the purchasing consumer activated the telephone with which that airtime and telephone number were bundled and at the time the consumer purchased additional airtime for any such phone.

21. The parties further agreed that each week, Xtreme would deliver to OMobile on Monday an invoice reflecting the charges that became due and owing as a result of the prior week's activations and airtime purchases and that OMobile would then wire the invoiced funds to Xtreme's bank account in the State of New York by the close of business on Wednesday.

22. The Xtreme-OMobile Agreement further provided to Xtreme the right to terminate immediately OMobile's account in the event that OMobile failed to make payment to Xtreme for any week in accordance with the contractual terms.

23. OMobile made full payment to Xtreme under the first weekly invoice (for $59,127.75) that Xtreme delivered to OMobile under the parties' agreement.

24. OMobile did not pay all of the sums reflected in the second weekly invoice for $70,690.56. OMobile paid $70,000 towards that invoice, leaving the sum of $690.56 unpaid.

25. OMobile failed to make any payment to Xtreme under either of the subsequent two invoices from Xtreme.

26. The amount due and owing from OMobile to Xtreme under the two completely unpaid invoices is $139,327.78.

27. The amount due and owing from OMobile to Xtreme for charges incurred under the Xtreme-OMobile agreement is $140,018.34 ($139,327.78 plus $690.56).

28. OMobile has failed to pay any part of that $140,018.34 sum to Xtreme, despite due demand.

29. OMobile has repeatedly acknowledged its debt to Xtreme, but has failed to pay the amounts due and owing. Under the parties' agreement, the entire amount of the $140,018.34 is due and payable to Xtreme immediately.

30. Accordingly, OMobile is liable to Xtreme for breach of contract.

31. As a result of such breach, Xtreme has been damaged in the amount of $140,018.34 plus interest.

### THIRD CAUSE OF ACTION

### (Quantum Meruit, Restitution)

32. Xtreme repeats and realleges paragraphs 1 to 31 above as if set forth fully and at length herein.

33. OMobile was unjustly enriched by receiving the airtime and telephone numbers for resale without paying Xtreme for them.

34. Equity and good conscience demand that OMobile make restitution to Xtreme in quantum meruit for the amount by which it was unjustly enriched.

35. Accordingly, OMobile is liable to Xtreme for damages in the amount of at least $215,018.34 plus interest.

WHEREFORE, Xtreme demands judgment against OMobile as follows:

(1) on its first cause of action, in the amount of $75,000 plus interest;

(2) on its second cause of action, in the amount of $140,018.34 plus interest;

(3) on its third cause of action, in the amount of at least $215,018.34 plus interest;

(4) Awarding Xtreme its costs and expenses, including reasonable attorneys' fees;

and

(5) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 12, 2007

                                COHEN & GRESSER LLP

                                By: /s/ 
                                Lawrence T. Gresser
                                Karen H. Bromberg
                                Harvey B. Silikovitz
                                100 Park Avenue, 23rd Floor
                                New York, New York 10017
                                (212) 957-7600

                                *Attorneys for Plaintiff Xtreme Mobile Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the NOTICE OF REMOVAL was served by United States mail, first class postage prepaid, on the 24th day of October, 2007 on the following:

> Lawrence T. Gresser
> COHEN & GRESSER LLP
> 100 Park Avenue, 23rd Floor
> New York, New York 10017
> (212) 957-7600

JESSE KAPLAN