ALLYN & FORTUNA, LLP
Nicholas Fortuna (NF 9191)
Jesse A. Kaplan (JK 4594)
Attorneys for Defendant
*DETROIT PHONE CARDS INC. D/B/A OMOBILE*
200 Madison Avenue, 5th floor
New York, New York, 10016-3903
Ph: (212) 213-8844
Fax: (212) 213-3318

**UNITED STATES DISTRICT COURT,**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

XTREME MOBILE INC.,                                                **Docket No.: 07 CV 9528**

              Plaintiff,

          -against-

DETROIT PHONE CARDS INC. D/B/A
OMOBILE,

              Defendant.
------------------------------------------------------------------X

## ANSWER OF DEFENDANT DETROIT PHONE CARDS INC., D/B/A OMOBILE

      Defendant Detroit Phone Cards Inc., d/b/a Omobile ("Omobile") by its attorneys Allyn &

Fortuna LLP, hereby answers the complaint of Xtreme Mobile, Inc. ("Extreme") as follows:

      1.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph "1" of the plaintiff's complaint.

      2.     Defendant admits that it is a foreign corporation and that through Omobile, it sells

prepaid wireless telephones throughout the United States, but denies all other allegations of

paragraph "2" of the plaintiff's complaint.

      3.     Defendant denies all allegations of paragraph "3" of the plaintiff's complaint.

1

4.    Defendant incorporates all prior responses in its response to paragraph "4" of plaintiff's Complaint.

5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "5" of the plaintiff's complaint.

6.    Defendant admits that Omobile entered into an agreement with Phonetec, that Omobile purchased airtime from Phonetec, and that Omobile sold airtime and telephone numbers with Omobile branded wireless telephones to consumers, but denies all other allegations of paragraph "6" of the plaintiff's complaint.

7.    Defendant admits that there was a valid and enforceable agreement between Phonetec and Omobile.

8.    Defendant denies all allegations of paragraph "8" of the plaintiff's complaint.

9.    Defendant denies all allegations of paragraph "9" of the plaintiff's complaint.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "10" of the plaintiff's complaint.

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "11" of the plaintiff's complaint.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "12" of the plaintiff's complaint.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "13" of the plaintiff's complaint.

14.    Defendant denies all allegations of paragraph "14" of the plaintiff's complaint.

15.    Defendant denies all allegations of paragraph "15" of the plaintiff's complaint.

16.    Defendant denies all allegations of paragraphs "16" of the plaintiff's complaint.

17.    Defendant denies all allegations of paragraph "17" of the plaintiff's complaint.

18.    Defendant incorporates all prior responses in its response to paragraph "18" of the plaintiff's complaint.

19.    Defendant denies all allegations of paragraph "19" of the plaintiff's complaint.

20.    Defendant denies all allegations of paragraphs "20" of the plaintiff's complaint.

21.    Defendant denies all allegations of paragraph "21" of the plaintiff's complaint.

22.    Defendant denies all allegations of paragraph "22" of the plaintiff's complaint.

23.    Defendant admits that Omobile made full payment under an invoice issued by Xtreme notwithstanding the fact that it was not required to, but denies all other allegations of paragraph "23" of the plaintiff's complaint.

24.    Defendant admits that Omobile made partial payment under an invoice issued by Xtreme notwithstanding the fact that it was not required to, but denies all other allegations of paragraph "24" of the plaintiff's complaint.

25.    Defendant admits that Omobile did not was not required to make payment to Xtreme under subsequent invoices.

26.    Defendant denies all allegations of paragraph "26" of the plaintiff's complaint.

27.    Defendant denies all allegations of paragraph "27" of the plaintiff's complaint.

28.    Defendant denies all allegations of paragraph "28" of the plaintiff's complaint as that amount of money is not owed.

29.    Defendant denies all allegations of paragraph "29" of the plaintiff's complaint.

30.    Defendant denies all allegations of paragraph "30" of the plaintiff's complaint.

31.    Defendant denies all allegations of paragraph "31" of the plaintiff's complaint.

32.    Defendant incorporates all prior responses in its response to paragraph "32" of the plaintiff's complaint.

33.    Defendant denies all allegations of paragraph "33" of the plaintiff's complaint.

34.    Defendant denies all allegations of paragraph "34" of the plaintiff's complaint.

35.    Defendant denies all allegations of paragraph "35" of the plaintiff's complaint.

## FIRST AFFIRMATIVE DEFENSE

36.    The complaint fails to state a cause of action against the answering defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

37.    Plaintiff's claims are barred by the doctrines of waiver.

## THIRD AFFIRMATIVE DEFENSE

38.    Plaintiff's claims are barred by the doctrines of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

39.    Plaintiff's claims are barred by the doctrines of laches.

## FIFTH AFFIRMATIVE DEFENSE

40.    Plaintiff's claims are barred by the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

41.    Plaintiffs' claims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

42.    Plaintiff's claims are barred by the statute of frauds.

## EIGTH AFFIRMATIVE DEFENSE

43.    The plaintiff lacks personal jurisdiction over the defendant.

## NINTH AFFIRMATIVE DEFENSE

44.    Venue is improper.

## TENTH AFFIRMATIVE DEFENSE

45.    The plaintiff lacks standing to assert its claims against the defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

46.    Defendant is not in privity of contract with defendant.

## TWELFTH AFFIRMATIVE DEFENSE

47.    There was no valid assignment of Phonetec's alleged claims against the defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

48.    The contractual provisions alleged by the plaintiff are not supported by consideration.

## FOURTEENTH AFFIRMATIVE DEFENSE

49.    The plaintiff's claims are barred as Phonetec, LP is in breach of contract with the defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

50.    To the extent that there was a contract between plaintiff and the defendant and/or the plaintiff assumed any obligations under any other contract with the defendant, plaintiff is in breach of contract.

## SIXTEENTH AFFIRMATIVE DEFENSE

51.    To the extent that there was a contract between plaintiff and the defendant and/or the plaintiff assumed any obligations under any other contract with the defendant, plaintiff failed to perform and/or satisfy a condition precedent to the contract.

## SEVENTEENTH AFFIRMATIVE DEFENSE

52.    The defendant is entitled to recoupment and/or setoff for goods and services that were charged to the defendant at an amount above any agreed upon price, as well as goods and services that were not actually provided to the defendant, and were not credited to the defendant or reimbursed to the defendant. Accordingly, the plaintiff's claims should be reduced by those amounts.

## EIGHTEENTH AFFIRMATIVE DEFENSE

53.    The defendant is entitled to recoupment and/or setoff for amounts owed to defendant by Phonetec. Accordingly, the plaintiff's claims should be reduced by those amounts.

## NINETEENTH AFFIRMATIVE DEFENSE

54.    To the extent that there was a contract between plaintiff and the defendant and/or the plaintiff assumed any obligations under any other contract with the defendant, defendant is entitled to recoupment and/or setoff for any damages caused by plaintiff's breach. Accordingly, the plaintiff's claims should be reduced by those amounts.

## TWENTIETH AFFIRMATIVE DEFENSE

55.    The defendant is entitled to recoupment and/or setoff for plaintiff's tortious conduct, including but not limited to Federal trademark, unfair competition, and false advertising violations. Accordingly, the plaintiff's claims should be reduced by those amounts.

**WHEREFORE,** the defendant Detroit Phone Cards Inc., d/b/a Omobile, respectfully requests that the Court issue a judgment in favor of defendant and against plaintiff as follows:

1.    Dismissing the complaint in its entirety;

2.    Awarding costs and reasonable attorneys' fees for the costs incurred in defending the instant action;

3.      Awarding such further relief as this court deems proper.

## JURY TRIAL DEMANDED

Omobile, by and through counsel, hereby requests a trial jury in the above-

captioned matter

Dated:  November 14, 2007
        New York, New York

Respectfully submitted,

ALLYN & FORTUNA LLP

By: _____

Nicholas Fortuna, Esq. (9191)
Jesse A. Kaplan, Esq. (4594)
200 Madison Avenue, 5th Floor
New York, New York 10016
(212) 213-8844
(212) 213-3318 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Answer was served by E.C.F. and

Federal Express, on the 14th day of November, 2007 on the following:

Harvey B. Silikovitz
Cohen & Gresser LLP
100 Park Avenue
New York, New York 10017
(212) 957-7600

Nicholas Fortuna