UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
.
XTREME MOBILE INC.,                                        **ECF CASE**
.                                                           (Electronically filed)
.
                                    Plaintiff,             .
.                                                          07 Civ. 9528 (HB)
.
            - against -                                    .
.
DETROIT PHONE CARDS INC. D/B/A                             **REPLY TO**
OMOBILE,                                                   **COUNTERCLAIMS**
.
                                    Defendant.             **JURY TRIAL DEMANDED**
.
———————————————————————— x

        Plaintiff Xtreme Mobile Inc. ("Xtreme"), by its attorneys Cohen & Gresser LLP, for its

reply to the counterclaims of defendant Detroit Phone Cards Inc. d/b/a OMobile ("OMobile"):

        1.      Admits that OMobile purports to assert counterclaims for the legal theories set

forth in paragraph 1 of the counterclaims, and admits that this Court has subject matter

jurisdiction over this action.

        2.      Admits that this Court has personal jurisdiction over Xtreme.

        3.      Admits that venue is proper in this Court.

        4.      Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations of paragraph 4 of the counterclaims.

        5.      Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations of paragraph 5 of the counterclaims.

        6.      Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations of paragraph 6 of the counterclaims.

        7.      Denies each and every allegation of paragraph 7 of the counterclaims, and further

states that the "subscribers" belonged to Xtreme and not to OMobile.

{1263-002/00022621.DOCv3}

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the counterclaims.

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the counterclaims.

10.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the counterclaims.

11.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 of the counterclaims.

12.     Admits that OMobile entered into a written agreement with Phonetec, LP ("Phonetec"), except refers the Court to that agreement (the "Phonetec-OMobile Agreement") for the true and accurate terms thereof.

13.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13 of the counterclaims, except states that the "subscribers" to whom this paragraph refers belonged to Phonetec and not to OMobile.

14.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 of the counterclaims, and refers the Court to any invoices from Phonetec to OMobile for the true and accurate terms thereof.

15.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the counterclaims, except denies that the "subscribers" belonged to OMobile.

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the counterclaims.

17.     Denies the allegations of paragraph 17 of the counterclaims, except admits that Xtreme is a Delaware corporation.

18.     Admits the allegations of paragraph 18 of the counterclaims, but states that there are also additional elements to Xtreme's business.

19.     Admits the allegations of paragraph 19 of the counterclaims, but states that the meeting occurred in or about July 2007.

20.     Denies that Xtreme told OMobile that Xtreme was an investor in Phonetec, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 20 of the counterclaims.

21.     Denies each and every allegation of paragraph 21 of the counterclaims.

22.     Denies each and every allegation of paragraph 22 of the counterclaims.

23.     Denies the allegations of paragraph 23 of the counterclaims, except denies knowledge or information sufficient to form a belief as to whether Phonetec had agreed that OMobile would not be charged for "Free Promotional Airtime."

24.     Denies each and every allegation of paragraph 24 of the counterclaims.

25.     Denies each and every allegation of paragraph 25 of the counterclaims.

26.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26 of the counterclaims.

27.     Denies the allegations of paragraph 27 of the counterclaims, except admits that subsequent to the meeting, Xtreme sent invoices to OMobile.

28.     Denies each and every allegation of paragraph 28 of the counterclaims.

29.     Denies the allegations of paragraph 29 of the counterclaims and denies knowledge or information sufficient to form a belief as to what OMobile has determined.

30.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30 of the counterclaims.

31.     Denies each and every allegation of paragraph 31 of the counterclaims.

32.     Denies each and every allegation of paragraph 32 of the counterclaims.

33.     Denies the allegations of paragraph 33 of the counterclaims, except admits that Xtreme advised OMobile that it would exercise its contractual right to terminate service to OMobile as a result of OMobile's nonpayment of current invoices and nonpayment of pre-existing receivables that Phonetec had assigned to Xtreme.

34.     Denies the allegations of paragraph 34 of the counterclaims, except admits that Xtreme exercised its contractual right to terminate OMobile's service due to OMobile's nonpayment of current invoices and nonpayment of pre-existing receivables that Phonetec had assigned to Xtreme, and, as a result, OMobile was no longer able to access the website.

35.     Admits the allegations of paragraph 35 of the counterclaims, except denies that the subscribers belonged to OMobile.

36.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 36 of the counterclaims.

37.     Denies each and every allegation of paragraph 37 of the counterclaims.

38.     Denies each and every allegation of paragraph 38 of the counterclaims.

39.     Denies the allegations of paragraph 39 of the counterclaims, except admits that Xtreme communicated to its own customers who had purchased Xtreme service marketed by OMobile under the OMobile brand that they needed to purchase Xtreme service plans in order to continue their service.

40.     Denies each and every allegation of paragraph 40 of the counterclaims.

{1263-001/00022621.DOCv3}                    4

41.      Denies each and every allegation of paragraph 41 of the counterclaims.

42.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 42 of the counterclaims, and refers the Court to the website located at www.easystreetpcs.com for the true and accurate contents thereof.

43.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 43 of the counterclaims, and refers the Court to the website located at www.easystreetpcs.com for the true and accurate contents thereof.

44.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44 of the counterclaims, and refers the Court to the website located at www.easystreetpcs.com for the true and accurate contents thereof.

45.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45 of the counterclaims, and refers the Court to the website located at www.easystreetpcs.com for the true and accurate contents thereof.

46.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 46 of the counterclaims, denies any implication that Xtreme authorized, directed or was involved in placing the alleged statement or link on the easystreetpcs.com website, and refers the Court to the website located at www.easystreetpcs.com for the true and accurate contents thereof.

47.      Denies any implication that Xtreme authorized, directed or was involved in placing the alleged statement on the easystreetpcs.com website, and admits that such a statement as alleged in paragraph 47 of the counterclaims would be false.

48.      Denies each and every allegation of paragraph 48 of the counterclaims.

49.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 49 of the counterclaims, but admits that OMobile never authorized Xtreme to use OMobile's trademarks or to make the statements found on Easystreetpcs.com regarding OMobile.

50.     Denies each and every allegation of paragraph 50 of the counterclaims.

## COUNT I

### (Federal Trademark Infringement)

### (15 U.S.C. § 1114)

51.     Repeats and realleges each of its responses set forth in its responses to paragraphs 1 through 50 above as if fully set forth herein.

52.     Denies each and every allegation of paragraph 52 of the counterclaims.

53.     Denies each and every allegation of paragraph 53 of the counterclaims.

54.     Denies each and every allegation of paragraph 54 of the counterclaims.

55.     Denies each and every allegation of paragraph 55 of the counterclaims.

56.     Denies each and every allegation of paragraph 56 of the counterclaims.

## COUNT II

### (Federal Unfair Competition and False Designation of Origin)

### (15 U.S.C. § 1125(a)(1)(A)

57.     Repeats and realleges each of its responses set forth in its responses to paragraphs 1 through 56 above as if fully set forth herein.

58.     Denies each and every allegation of paragraph 58 of the counterclaims.

59.     Denies each and every allegation of paragraph 59 of the counterclaims.

60.     Denies each and every allegation of paragraph 60 of the counterclaims.

61.     Denies each and every allegation of paragraph 61 of the counterclaims.

62.     Denies each and every allegation of paragraph 62 of the counterclaims.

63.     Denies each and every allegation of paragraph 63 of the counterclaims.

64.     Denies each and every allegation of paragraph 64 of the counterclaims.

## COUNT III

### (Federal False Advertising and Disparagement)

### (15 U.S.C. § 1125(a)(1)(B))

65.     Repeats and realleges each of its responses set forth in its responses to paragraphs 1 through 64 above as if fully set forth herein.

66.     Admits the allegations of paragraph 66 of the counterclaims, but states that there are also additional elements to Xtreme's business.

67.     Denies each and every allegation of paragraph 67 of the counterclaims.

68.     Denies each and every allegation of paragraph 68 of the counterclaims.

69.     Denies each and every allegation of paragraph 69 of the counterclaims.

70.     Denies each and every allegation of paragraph 70 of the counterclaims.

71.     Denies each and every allegation of paragraph 71 of the counterclaims.

72.     Denies each and every allegation of paragraph 72 of the counterclaims.

73.     Denies each and every allegation of paragraph 73 of the counterclaims.

74.     Denies each and every allegation of paragraph 74 of the counterclaims.

75.     Denies each and every allegation of paragraph 75 of the counterclaims.

76.     Denies each and every allegation of paragraph 76 of the counterclaims.

77.     Denies each and every allegation of paragraph 77 of the counterclaims.

## COUNT IV

### (Interference with a Prospective Advantage)

78.     Repeats and realleges each of its responses set forth in its responses to paragraphs

1 through 77 above as if fully set forth herein.

79.     Admits the allegations of paragraph 79 of the counterclaims.

80.     Denies each and every allegation of paragraph 80 of the counterclaims.

81.     Denies the allegations of paragraph 81 of the counterclaims, except states that,

after Xtreme's agreement with OMobile was properly terminated as a result of OMobile's

nonpayment of current invoices and nonpayment of pre-existing receivables, Xtreme exercised

its contractual right to prevent OMobile from loading new OMobile branded plans of Xtreme

airtime on OMobile phones.

82.     Denies each and every allegation of paragraph 82 of the counterclaims.

83.     Denies each and every allegation of paragraph 83 of the counterclaims.

84.     Denies each and every allegation of paragraph 84 of the counterclaims.

85.     Denies each and every allegation of paragraph 85 of the counterclaims.

## COUNT V

### (Defamation)

86.     Repeats and realleges each of its responses set forth in its responses to paragraphs

1 through 85 above as if fully set forth herein.

87.     Denies each and every allegation of paragraph 87 of the counterclaims.

88.     Denies each and every allegation of paragraph 88 of the counterclaims.

89.     Denies each and every allegation of paragraph 89 of the counterclaims.

90.     Denies each and every allegation of paragraph 90 of the counterclaims.

91.    Denies each and every allegation of paragraph 91 of the counterclaims.

92.    Denies each and every allegation of paragraph 92 of the counterclaims.

93.    Denies each and every allegation of paragraph 93 of the counterclaims.

94.    Denies each and every allegation of paragraph 94 of the counterclaims.

## COUNT VI

### (Breach of Contract)

95.    Repeats and realleges each of its responses set forth in its responses to paragraphs 1 through 94 above as if fully set forth herein.

96.    Denies each and every allegation of paragraph 96 of the counterclaims

97.    Denies each and every allegation of paragraph 97, and further states that Xtreme was never a party to the OMobile-Phonetec Agreement.

98.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 98 of the counterclaims, except admits that OMobile ordered certain prepaid wireless services from Phonetec pursuant to the Phonetec-OMobile Agreement.

99.    Denies each and every allegation of paragraph 99 of the counterclaims.

100.    Denies each and every allegation of paragraph 100 of the counterclaims.

101.    Denies each and every allegation of paragraph 101 of the counterclaims.

## COUNT VII

### (Breach of Contract)

102.    Repeats and realleges each of its responses set forth in its responses to paragraphs 1 through 101 above as if fully set forth herein.

103.    Denies each and every allegation of paragraph 103 of the counterclaims.

104.   Denies each and every allegation of paragraph 104 of the counterclaims.

105.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 105 of the counterclaims, except admits that OMobile ordered certain prepaid wireless services from Phonetec pursuant to the Phonetec-OMobile Agreement.

106.   Denies the allegations of paragraph 106 of the counterclaims, except admits that Xtreme exercised its contractual right to terminate OMobile's service as a result of OMobile's nonpayment of current invoices and nonpayment of pre-existing receivables that Phonetec had assigned to Xtreme and that, as a result, OMobile was no longer able to access the website.

107.   Denies each and every allegation of paragraph 107 of the counterclaims.

108.   Denies each and every allegation of paragraph 108 of the counterclaims.

## COUNT VIII

### (Breach of Contract)

109.   Repeats and realleges each of its responses set forth in its responses to paragraphs 1 through 108 above as if fully set forth herein.

110.   Denies each and every allegation of paragraph 110 of the counterclaims.

111.   Denies each and every allegation of paragraph 111 of the counterclaims.

112.   Denies each and every allegation of paragraph 112 of the counterclaims.

113.   Denies each and every allegation of paragraph 113 of the counterclaims.

114.   Denies each and every allegation of paragraph 114 of the counterclaims.

## COUNT IX

### (Interference with a contractual relationship)

115.    Repeats and realleges each of its responses set forth in its responses to paragraphs 1 through 114 above as if fully set forth herein.

116.    Admits the allegations of paragraph 116 of the counterclaims.

117.    Admits the allegations of paragraph 117 of the counterclaims.

118.    Admits the allegations of paragraph 118 of the counterclaims.

119.    Denies each and every allegation of paragraph 119 of the counterclaims.

120.    Denies each and every allegation of paragraph 120 of the counterclaims.

121.    Denies each and every allegation of paragraph 121 of the counterclaims.

122.    Denies each and every allegation of paragraph 122 of the counterclaims.

123.    Denies each and every allegation of paragraph 123 of the counterclaims.

124.    Denies each and every allegation of paragraph 124 of the counterclaims.

125.    Denies each and every allegation of paragraph 125 of the counterclaims.

126.    Denies each and every allegation of paragraph 126 of the counterclaims.

## COUNT X

### (New York State Unfair Competition)

127.    Repeats and realleges each of its responses set forth in its responses to paragraphs 1 through 126 above as if fully set forth herein.

128.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 128 of the counterclaims.

129.    Denies each and every allegation of paragraph 129 of the counterclaims.

130.    Denies each and every allegation of paragraph 130 of the counterclaims.

131.    Denies each and every allegation of paragraph 131 of the counterclaims.

132.    Denies each and every allegation of paragraph 132 of the counterclaims.

133.    Denies each and every allegation of paragraph 133 of the counterclaims.

134.    Denies each and every allegation of paragraph 134 of the counterclaims.

135.    Denies each and every allegation of paragraph 135 of the counterclaims.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it would not otherwise be placed on

Xtreme, Xtreme states the following affirmative defenses to the counterclaims:

### First Defense

136.    The counterclaims fail to state a cause of action upon which relief can be granted.

### Second Defense

137.    The counterclaims are barred by the doctrine of unclean hands.

### Third Defense

138.    The counterclaims are barred by the doctrine of estoppel.

### Fourth Defense

139.    The counterclaims are barred by the doctrine of waiver.

### Fifth Defense

140.    OMobile's counterclaims for breach of contract are barred, in whole or in part, by

its own material breach of its agreements with Xtreme and Phonetec.

### Sixth Defense

141.    If OMobile suffered any damages, some or all of the counterclaims are barred

because OMobile failed to mitigate its damages.

WHEREFORE, Xtreme demands judgment against OMobile as follows:

(1)      dismissing the counterclaims with prejudice;

(2)      awarding it the costs and expenses it incurs in defending the counterclaims,

including its reasonable attorneys' fees; and

(3)      for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Xtreme hereby demands a jury trial as to all triable issues.

Dated:   New York, New York
         December 11, 2007

COHEN & GRESSER LLP

By:_____/s/_____
     Lawrence T. Gresser (LG 2801)
     Karen H. Bromberg (KB 2153)
     Harvey B. Silikovitz (HS 5904)
     100 Park Avenue, 23rd Floor
     New York, New York 10017
     (212) 957-7600
     ltgresser@cohengresser.com
     kbromberg@cohengresser.com
     hsilikovitz@cohengresser.com

     *Attorneys for Plaintiff Xtreme Mobile Inc.*