UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────── x
:
XTREME MOBILE INC.,                      :  **ECF CASE**
                                         :  (Electronically Filed)
                Plaintiff,               :
                                         :  07 Civ. 9528 (HB)
        - against -                      :
                                         :
DETROIT PHONE CARDS INC. D/B/A           :  **PLAINTIFF XTREME**
OMOBILE,                                 :  **MOBILE INC.'S INITIAL**
                                         :  **DISCLOSURES**
                Defendant.               :
                                         :
──────────────────────────────────────── x

　　　　Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, plaintiff Xtreme Mobile Inc. ("Xtreme"), by and through undersigned counsel, hereby makes the following initial disclosures to defendant Detroit Phone Cards Inc. d/b/a OMobile ("OMobile"):

　　A.　　<u>Persons Likely to Have Discoverable Information to Support Claims, Counterclaims or Defenses</u>

　　　　1.　　Craig Libson
　　　　　　　Chief Executive Officer
　　　　　　　Xtreme Mobile Inc.
　　　　　　　45 Knollwood Road
　　　　　　　Elmsford, New York 10523

　　　　　　　(Mr. Libson may be contacted only through counsel)

　　Mr. Libson has knowledge of Xtreme's agreements and communications with OMobile and Xtreme's assignment from and communications with Phonetec, L.P. ("Phonetec"). Mr. Libson also has knowledge of Xtreme's provision of services and fulfillment of its contractual obligations to OMobile; Xtreme's invoicing to OMobile; OMobile's failure to pay sums that were due and owing to Xtreme; and Xtreme's exercise of its contractual right to terminate service to OMobile as a

result of OMobile's non-payment.  Mr. Libson further has knowledge that Xtreme did not infringe, or improperly use, any OMobile trademarks.

2. Kevin Powers
   Chief Operating Officer
   Xtreme Mobile Inc.
   770 North Drive
   Melbourne, Florida 32934

(Mr. Powers may be contacted only through counsel)

Mr. Powers, who is also the former Chief Operating Officer of Phonetec, has knowledge of Phonetec's agreement and communications with OMobile; Phonetec's provision of services and fulfillment of its contractual obligations to OMobile; Phonetec's invoicing of OMobile; OMobile's failure to pay sums that were due and owing to Phonetec; and Phonetec's assignment to Xtreme.

3. Jose Ciprian
   Director of Sales
   Xtreme Mobile Inc.
   45 Knollwood Road
   Elmsford, New York 10523

(Mr. Ciprian may be contacted only through counsel)

Mr. Ciprian has knowledge of Xtreme's marketing and promotional activities, as well as its communications to existing customers.

4. Rami Chahine
   Detroit Phone Cards Inc. d/b/a OMobile
   6500 Schaefer Road
   Dearborn, Michigan 48126

Mr. Chahine is believed to have knowledge of OMobile's agreements and communications with Xtreme and Phonetec; Xtreme and Phonetec's provision of services to OMobile; Xtreme and Phonetec's invoicing to OMobile; and the

extent to which OMobile failed to pay amounts due and owing under those invoices. To the extent that OMobile may have held trademarks as alleged in the counterclaims, it is believed that Mr. Chahine would have knowledge regarding the history of OMobile's use of those trademarks.

5. John Lowrey
   Chief Executive Officer
   Phonetec, L.P.
   3300 North A, Building One, Suite 108
   Midland, Texas 79705

Mr. Lowrey is believed to have knowledge of the circumstances surrounding the assignment from Phonetec to Xtreme.

6. James Dunn
   President
   DLC Consulting
   490 Johnston Rd
   Crandall, GA 30711

Mr. Dunn is believed to have knowledge of facts pertaining to OMobile's customer base.

7. Tony Saffi
   President
   Infinity Mobile
   61 Prospect Place NE
   Atlanta GA 30328

Mr. Saffi is believed to have knowledge of facts pertaining to OMobile's customer base.

8. Curtis M. Knobloch
   Chief Executive Officer
   Telispire PCS
   4309 Jacksboro Highway, Suite G

      Wichita Falls, Texas 76302

Mr. Knobloch is believed to have knowledge of facts pertaining to OMobile's customer base.

9.    Edwin Kwong
     Interim President, Chief Executive Officer and Chief Financial Officer
     Paivis Corporation
     3475 Lenox Road
     Suite 400
     Atlanta, GA 30326

Mr. Kwong is believed to have knowledge of OMobile's contracts and its failure to make payment under invoices from Phonetec and Xtreme.

10.   Greg Moss
     Chief Executive Officer
     Trustcash
     400 Park Avenue, Suite 1420
     New York, NY 10022

Mr. Moss is believed to have knowledge of OMobile's contracts and its failure to make payment under invoices from Phonetec and Xtreme.

Xtreme expects that discovery may reveal that other persons, who likely are expected to include, without limitation, persons affiliated with OMobile or the internet website located at www.easystreetpcs.com, may also have relevant knowledge and reserves the right to amend these disclosures to include the same.

B.   <u>Documents, Electronically Stored Information, and Tangible Things That May be Used to Support Claims, Counterclaims or Defenses</u>

Though Xtreme reserves the right to rely on additional documents produced through discovery, based on present knowledge Xtreme expects to rely on the following documents to support its claims and its defenses to the counterclaims:

- Documents in the possession of OMobile and/or Phonetec reflecting the agreement between OMobile and Phonetec.
- Documents in the possession of OMobile and/or Phonetec reflecting the invoicing from Phonetec to OMobile.
- Documents in the possession of OMobile and/or Phonetec reflecting unpaid receivables that were due and owing from OMobile to Phonetec
- Documents reflecting the assignment from Phonetec to Xtreme.
- Documents reflecting the invoicing from Xtreme to OMobile.
- Documents reflecting the payments that OMobile made, as well as the payments that OMobile did not make, to Xtreme.
- Documents reflecting the circumstances under which Xtreme terminated service to OMobile.
- Documents reflecting the marketing activities that Xtreme undertook.
- Documents reflecting Xtreme's communications to its customers.

    C.    <u>Computation of Damages</u>

Xtreme's damages are calculated as follows: (1) Phonetec assigned to Xtreme the right to receive certain receivables due and owing from OMobile, in the principal amount of $75,000. Those receivables remain unpaid. (2) OMobile owes to Xtreme the additional sum of $140,018.34 plus interest pursuant to unpaid invoices that Xtreme delivered to OMobile pursuant to the agreement between Xtreme and OMobile. Thus, Xtreme's damages are $215,018.34 ($75,000 plus $140,018.34) plus interest.

D. <u>Insurance Agreements</u>

Xtreme is not aware of any applicable insurance agreement at this time relevant to the subject matter of the pleadings.

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Xtreme reserves the right to supplement and/or correct the disclosures made herein.

Dated: New York, New York
January 11, 2008

        COHEN & GRESSER LLP

        By: _____/s/_____
           Lawrence T. Gresser (LG 2801)
           Karen H. Bromberg (KB 2153)
           Harvey B. Silikovitz (HS 5904)
           Kathryn Barcroft (KB 7700)
           100 Park Avenue, 23rd Floor
           New York, New York 10017
           (212) 957-7600
           ltgresser@cohengresser.com
           kbromberg@cohengresser.com
           hsilikovitz@cohengresser.com
           kbarcroft@cohengresser.com

        *Attorneys for Plaintiff Xtreme Mobile Inc.*