UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

XTREME MOBILE INC.,              :

                      Plaintiff,        :   **ECF CASE**

                                    :   (Electronically Filed)

      -against-                     :

                                    :   07 Civ. 9528 (HB)

DETROIT PHONE CARDS INC. D/B/A      :
OMOBILE,

                                    :

                      Defendant.        :

                                    :

-------------------------------------------------------------------x

**PLAINTIFF XTREME MOBILE INC.'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Karen H. Bromberg
Harvey B. Silikovitz
Kathryn L. Barcroft
COHEN & GRESSER LLP
100 Park Avenue, 23rd Floor
New York, New York  10017
(212) 957-7600

*Attorneys for Plaintiff Xtreme Mobile Inc.*

Plaintiff Xtreme Mobile Inc. ("Xtreme"), by its attorneys, Cohen & Gresser LLP, respectfully submits this memorandum of law in support of its motion for leave to amend its complaint pursuant to Fed. R. Civ. P. 15(a) to add additional claims against defendant Detroit Phone Cards Inc. d/b/a OMobile ("OMobile") and to add OMobile's President, Rami Chahine, as an additional defendant.

## STATEMENT OF RELEVANT FACTS

Xtreme filed its initial complaint against OMobile in New York state court on September 12, 2007, asserting claims for breach of contract. On or about October 24, 2007, OMobile served a notice of removal of this action to this Court, and on November 14, 2007, OMobile filed an answer to the complaint.[1]

The Pretrial Scheduling Order in this case, dated January 24, 2008, set a deadline of April 3, 2008 for assertion of additional causes of action or defenses, and for joinder of additional parties. Thus, this motion seeking leave to amend the complaint for the purpose of asserting additional claims and joining an additional defendant is timely.

Virtually no discovery has yet been taken in this matter. While the parties have filed Rule 26(a)(1) initial disclosures, no documents have yet been produced, no interrogatories have been served, and no depositions have been taken, scheduled, or even noticed. No third party subpoenas have been served. See the accompanying declaration of Kathryn L. Barcroft dated March 27, 2008 ("Barcroft Dec."), ¶ 11.

---

[1]    On November 14, 2007, in addition to filing its answer to the complaint, OMobile also filed counterclaims. On December 11, 2007, Xtreme filed a reply to the counterclaims, in which it denied all the material allegations of the counterclaims. While Xtreme believes that the counterclaims are utterly lacking in merit, they are not at issue on the present motion to amend.

As stated in the initial complaint, Xtreme sells prepaid wireless telephones. It purchases the airtime and numbers for those phones from wireless carriers, and bundles them for sale with the telephone equipment (Barcroft Dec., Ex. A at ¶ 1).

The initial complaint asserts two causes of action for breach of contract and one cause of action for unjust enrichment (*Id.* at ¶¶ 4-35). Those claims arise from OMobile's contractual relationships with Xtreme and with third party Phonetec L.P. ("Phonetec"), which assigned to Xtreme receivables that were due and owing from OMobile. The claims allege, among other things, that OMobile failed to pay for wireless airtime that it purchased from Xtreme and Phonetec (*Id.* at ¶¶ 5-15, 19-29).

Xtreme's proposed first amended complaint would retain those three existing claims while adding related causes of action and joining OMobile's President, Rami Chahine ("Chahine"), as an additional defendant (Barcroft Dec., Ex. F). The new claims arise from Chahine's wrongful conduct after Xtreme exercised its contractual right to terminate its agreement with OMobile as a result of OMobile's nonperformance of its contractual obligations (*Id.* at ¶¶ 26-31, 49-87). The Amended Complaint alleges that, upon the contractually authorized termination of OMobile's service, Chahine and OMobile undertook a campaign of unlawful and/or unauthorized actions to wrongfully terminate Xtreme subscriber accounts and to attempt to unlawfully transfer the subscribers and their mobile telephone handsets to the control of a competing entity (*Id.* at ¶¶ 26-31).

The Amended Complaint states new claims, arising from the tortious conduct of OMobile and Chahine, for defamation (Count IV); tortious interference with contractual relations (Count V); tortious interference with business relations (Count VI); common law unfair competition (Count VII); common law conversion (Count VIII); violation of the Computer Fraud and Abuse

Act, 18 U.S.C. § 1030 (Count IX); and violation of the Stored Communications Act, 18 U.S.C. § 2701, et seq. (Count X). *Id.*

The substance of Xtreme's new claims, including the factual basis for them, was first revealed to OMobile's counsel in a letter from Xtreme's counsel dated February 5, 2008 (Barcroft Dec., ¶ 6). While Xtreme refrained from asserting its new claims in the interest of pursuing settlement discussions (*id.*, ¶ 7), those discussions ultimately proved unavailing (*id.*); thus, Xtreme now seeks to proceed with the amendment of its complaint.

In an attempt to avoid motion practice, Xtreme's counsel asked OMobile's counsel to consent to the filing of the amended complaint (Barcroft Dec., ¶¶ 7-8, Exs. D, E). OMobile's counsel failed to respond to this request (Barcroft Dec., ¶ 8, Ex. E). Thus, this motion has become necessary.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Thus, leave to amend a pleading "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord, Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."); *Fei v. WestLB AG*, No. 07 Civ. 8785, 2008 WL 594768, at *1 (S.D.N.Y. Mar. 5, 2008) (Baer, J.) ("A motion to amend should only be denied for good reason such as undue delay, bad faith, futility of amendment, and perhaps, most important, the resulting prejudice to the opposing party.") (citations and internal quotation marks omitted) (emphasis added).

With respect to the "prejudice" prong, "prejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is '*undue* prejudice to the opposing party.'" *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (emphasis in original) (quoting *Foman*, 371 U.S. at 182). The inquiry into "undue prejudice" considers "whether the assertion of the new claim[s] would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute . . . ." *Block*, 988 F.2d at 350; *accord, A.V. by Versace*, 87 F. Supp. 2d at 299 (quoting *Block*).

### *Amendment of the Complaint Would Not Unduly Prejudice OMobile*

OMobile cannot demonstrate that it would suffer undue prejudice from the proposed amendment.

First, the amendment will not require OMobile to expend significant additional resources to conduct discovery and prepare for trial (beyond the resources that OMobile would have expended if the new claims had been asserted in the initial complaint). Virtually no discovery has yet taken place in this action; while the parties have filed Rule 26(a)(1) initial disclosures, no documents have yet been produced, no interrogatories have been served, no depositions have taken place and no third party subpoenas have been served (Barcroft Dec., ¶ 11). Thus, there would be no need for duplication of discovery (such as the need to repeat additional depositions already taken to elicit testimony regarding the new claims). At this early juncture, issues relevant to the amended claims can easily be integrated into the discovery that OMobile requests.

Moreover, OMobile has been on notice of the facts contained in the proposed amendment since, at the latest, February 5, 2008, when Xtreme's counsel notified OMobile's counsel of its intention to assert the claims that now appear in the Amended Complaint (Barcroft Dec., ¶ 6).

OMobile and its counsel have had nearly two months to gather documents and other evidence regarding these allegations.

Finally, because this action is still in an early stage, Xtreme's assertion of its new claims through the first amended complaint will not significantly delay the resolution of the dispute. This motion is made within the deadline provided in the Pretrial Scheduling Order for amendments to pleadings and to join additional parties (*i.e.*, April 3, 2008).[2]

Because the proposed amendment of the complaint comes at the inception of discovery and will not significantly delay the resolution of this action, OMobile cannot claim undue prejudice. *See, e.g., A.V. by Versace*, 87 F. Supp.2d at 299 (in granting motion to amend complaint, noting a lack of any showing that the requested amendment "would in any way materially affect the duration or scope of discovery."); *see also State Farm Mut. Auto Ins. Co. v. CPT Med. Svcs., P.C.*, 246 F.R.D. 143, 149 (E.D.N.Y. 2007) ("Defendants will not suffer undue prejudice from the late timing of the amendments because the case is nowhere near resolution . . . . [S]ignificant discovery on the merits has yet to commence . . . . Moreover, no scheduling order or deadline for filing motions to amend the complaint has expired . . ."). The reasoning in *A.V. by Versace*, where the court found a lack of "undue prejudice" where discovery had "no[t] . . . been completed" (87 F. Supp. 2d at 299), applies *a fortiori* here, where discovery has barely even begun.[3]

---

[2]    To the extent that there has been any unnecessary delay here, that delay is attributable to OMobile, which refused to stipulate to the filing of the amended complaint, and forced Xtreme to make a motion. *See* Barcroft Dec., ¶¶ 7-8, Exs. D, E.

[3]    In *A.V. by Versace*, this Court also stated that "even if discovery were prolonged, 'the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.'" 87 F. Supp. 2d at 299 (quoting *United States v. Continental Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989)).

***Xtreme's Request to Amend its Complaint is Made in Good Faith***

In addition to the palpable lack of undue prejudice, OMobile cannot reasonably argue that Xtreme's request for leave to amend is made in bad faith, or that amendment would be futile. Nor can OMobile credibly maintain that Xtreme has delayed unduly in moving to amend; just six and a half months have elapsed since the filing of Xtreme's initial complaint, and OMobile and its President, Chahine, have been on notice of the substance of the new claims since, at the latest, February 5, 2008 (Barcroft Dec., ¶ 6). Xtreme only refrained from seeking to amend its complaint at that time -- less than five months after the commencement of this action -- due to settlement discussions (Barcroft Dec., ¶ 7). Even the passage of six and a half months from the filing of the complaint before the making of this motion to amend falls far short of intervals that courts in this circuit have found acceptable in granting motions for leave to amend pleadings. *See, e.g., Block*, 988 F.2d at 350-51 (affirming grant of leave to amend answer over four years after action commenced); *S.E.C. v. DCI Telecomms., Inc.*, 207 F.R.D. 32, 34-35 (S.D.N.Y. 2002) (granting motion for leave to file amended complaint one year and nine months after action commenced).

## CONCLUSION

For the foregoing reasons, plaintiff Xtreme respectfully requests that this Court grant it permission to file its proposed First Amended Complaint, in the form annexed as Exhibit F to the Barcroft Dec.

Dated:  New York, New York
        March 27, 2008

                                        COHEN & GRESSER LLP


                                        By:_____/s/_____
                                            Karen H. Bromberg
                                            (kbromberg@cohengresser.com)
                                            Harvey B. Silikovitz
                                            (hsilikovitz@cohengresser.com)
                                            Kathryn L. Barcroft
                                            (kbarcroft@cohengresser.com)
                                        100 Park Avenue, 23rd Floor
                                        New York, New York  10017
                                        (212) 957-7600

                                        *Attorneys for Plaintiff Xtreme Mobile Inc.*

Westlaw.

Slip Copy
Slip Copy, 2008 WL 594768 (S.D.N.Y.)
**(Cite as: Slip Copy)**

Fei v. WestLB AG
S.D.N.Y.,2008.
Only the Westlaw citation is currently
available.
United States District Court,S.D. New York.
 Philip FEI, on behalf of himself and classes
    of Those similarly situated, Plaintiff,
                    v.
        WESTLB AG, Defendant.
       **No. 07CV8785(HB)(FM).**

             March 5, 2008.

          **OPINION & ORDER**

Hon. HAROLD BAER, JR., District Judge.

          **I. BACKGROUND**

**\*1** Mr. Fei ("Plaintiff and Counterclaim
Defendant") is suing his former employer
West LB, a German bank ("Defendant and
Counterclaim Plaintiff"), on behalf of him-
self and other similarly situated employees
for violations of the wage and hour provi-
sions of the Fair Labor Standards Act
(FLSA) by willfully misclassifying himself
and other clerical and non-managerial em-
ployees as salaried exempt employees and
failing to pay for overtime hours worked.

Defendant moves to dismiss the complaint
and has filed an answer with counterclaims
alleging misappropriation of highly confid-
ential personnel information. Defendant al-
leges that this misappropriation of informa-
tion violated the company's rules, violated
the Computer Fraud and Abuse Act of
1986, and constituted a breach of fiduciary
duty and duty of loyalty to WestLB. *See*
Answer ¶¶ 76-97. The Plaintiff moves to
dismiss the counterclaims and by letter

dated January 25, 2008, seeks leave to
amend his Complaint under Fed.R.Civ.P.
15(a) to add a claim of retaliation alleging
that Defendant's counterclaims are frivol-
ous and retaliatory, or in the alternative to
file a motion to seek leave to file an
amended complaint. The Defendant op-
poses amendment arguing that the pro-
posed retaliation claim is procedurally and
substantively futile. *See* Def. Amend. Opp.
Mem, at 2. I GRANT the Plaintiff's motion
to amend the complaint to add a claim for
retaliation because the form of the request
is sufficient under Fed.R.Civ.P. 15(a) and
7; the claim is not substantively futile; and
the Defendants have failed to demonstrate
prejudice for its inclusion.

          **II. DISCUSSION**

Rule 15(a) provides that once responsive
pleadings are filed "a party may amend the
party's pleading ... by leave of court ... and
leave shall be freely given when justice so
requires."Fed.R.Civ.P. 15(a). A district
court has broad discretion to decide wheth-
er to grant leave to amend. *See Gurary v.
Winehouse,* 235 F.3d 792, 801 (2d
Cir.2000)."A motion to amend should only
be denied for good reason such as 'undue
delay, bad faith, futility of amendment, and
perhaps, most important, the resulting pre-
judice to the opposing party.' " *Christiana
Gen. Ins. Corp. of New York v. Great Am.
Ins. Co.,* 745 F.Supp. 150, 164
(S.D.N.Y.1990) quoting *Richardson
Greenshields Secur., Inc. v. Mui-Hin Lau,*
825 F.2d 647, 653 n. 6 (2d Cir.1987).

1) Properly filed motion

Rule 15(a) does not set forth a specific pro-
cedure for obtaining leave to amend,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                           Page 2
Slip Copy, 2008 WL 594768 (S.D.N.Y.)
**(Cite as: Slip Copy)**

though typically, it is sought by a motion. 6 Charles A. Wright, et al., Federal Practice and Procedure § 1485 (2d ed.1990). Lack of a formal motion is not a sufficient ground for a district court's dismissal without leave to amend, so long as the plaintiff has made its willingness to amend clear. *See Gurary,* 235 F.3d at 801. Plaintiff's intention to file an amended pleading was made in advance of its actual letter requesting leave to amend and this intention was memorialized in the stipulated pretrial scheduling order by the parties. *See* Pretrial Scheduling Order, Docket # 22.

**\*2** Defendant points to Plaintiff's failure to file a proposed amendment of complaint; but again, this is not fatal where there is no undue prejudice to defendant. *See Christiana Gen. Ins.,* 745 F.Supp. at 164. Mr. Fei submitted his proposed amended complaint to the Defendant, which it in turn submitted to this Court, attached to its opposition; moreover, the Plaintiff described in detail the proposed addition of and the basis for the retaliation claim in the letter request.FN1 Thus, the objection to the form of the request for leave to amend fails.

> FN1. In addition, the Court was on notice of the retaliation argument by reference in the Plaintiff's Motion to Dismiss the Counterclaims filed on January 11, 2008.

2) Substantive Futility

Amended pleadings that would clearly not prevail or improve the position of a party will be rejected. *See Foman v. Davis,* 371 U .S. 178 (1962). If the proposed amendment cannot survive a 12(b)(6) motion to dismiss, a court may properly deny it. *See Van Buskirk v. N.Y. Times Co.,* 325 F.3d 87, 91-92 (2d Cir.2003). The Defendant ar-

gues that the retaliation claim is substantively futile because it fails to meet the FLSA standards of a retaliation claim and because counterclaims alone rarely suffice to serve as a basis for a retaliation claim. *See* Def. Opp. Mem. at 3. Relying on *Beltran v. Brentwood N. Healthcare Ctr., LLC,* 426 F.Supp.2d 827, 833-34 (N.D.Ill.2006), Defendants argue that because their counterclaims for violation of breach of the duty of loyalty or the Computer Fraud Act are not frivolous or retaliatory, the retaliation claim is futile. *See* Def. Opp. Mem. at 4. But, at this stage, what is relevant is whether the amendment is untimely, futile, made in bad faith, or will cause prejudice. *Gilliam v. Addicts Rehabilitation Ctr. Fund,* 05CV3452, 2006 WL 1040352, at \*3 (S.D.N.Y. Apr. 19, 2006).

The proper standard for evaluating Defendant's opposition to the proposed amendment, on the ground that it would be futile, requires the Court to examine whether Plaintiff's proposed retaliation claims could withstand a Rule 12(b)(6) motion to dismiss. *See Kreinik v.. Showbran Photo, Inc.,* 02CV1172, 2003 WL 22339268 at \*2 (S.D.N.Y. Oct. 14, 2003). The Plaintiff's retaliation claim will survive a motion to dismiss if, after construing all reasonable inferences and allegations in the complaint liberally in his favor, the Court determines that he has pleaded facts sufficient to support the elements of a prima face case by showing that: 1) he was engaged in a protected activity; 2) the Defendant was aware of Fei's participation in the protected activity; 3) the Defendant took adverse employment action against Fei; and 4) a causal connection existed between the protected activity and the adverse action. *See Kreinik,* 2003 WL 22339268, at \* 3.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                    Page 3
Slip Copy, 2008 WL 594768 (S.D.N.Y.)
**(Cite as: Slip Copy)**

Here, the Plaintiff satisfies the first two prongs because he engaged in protected activity by filing suit to recover his overtime wages, which qualifies as protected activity under the FLSA and NYLL and the Defendant is obviously aware of this. The issue in dispute is whether a counterclaim can constitute an "adverse employment action" given that Mr. Fei has not been fired. The FLSA and NYLL prohibit actions taken in retaliation against employees who engage in protected activity by attempting to vindicate their rights. *See* 29 U.S.C. § 215(3), N.Y.L.L. § 215; *Wright v. Stern,* 450     F.Supp.2d     335,     372 (S.D.N.Y.2006).FN2

> FN2. Title VII standard for retaliation is imported into FLSA and NYLL. *Brock v. Casey Truck Sales, Inc.,* 839 F.2d 872, 876 (2d Cir.1988).

**\*3** Lawsuits in response to a former employee's attempt to vindicate his rights can constitute retaliation. *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.,* 263 F.3d 208, 223 (2d Cir.2001). Counterclaims may not as a matter of law fail to qualify as retaliatory. *Kreinik,* 2003 WL 22339268 at \*6 citing *Yankelvitz v. Cornell Univ.,* 95cv4593, 1996 WL 447749, at \*4 (S.D.N.Y. Aug. 7, 1996). Plaintiffs rely on *Jacques v. DiMarzio, Inc.,* 200 F.Supp.2d 151, 163 (E.D.N.Y.2002) where a judge determined that the defendant's counterclaims against the *pro se* plaintiff were baseless and retaliatory because they were abusive harassing practices. But for a counterclaim to be actionable as retaliatory, it must have some impact on the plaintiff's employment or prospective employment. *Kreinik,* 2003 WL 22339268 citing *Yankelvitz,* 1996 WL 447749 at \*4. The Plaintiff alleges in his proposed amended complaint that he has

suffered harm to his reputation, intimidation, legal costs and delay as a result of the counterclaims. This is enough to satisfy the third prong.

Finally, the causal connection can be demonstrated by closeness in time between complaints and adverse action. *Kreinik,* 2003 WL 22339268 at \*8. The Plaintiff argues that based on a 30(b)(6) witness's testimony, an employee of West LB, the company only investigated Mr. Fei after being served with the complaint in this case. Defendants reject this characterization of events. Regardless, the Plaintiff satisfies the third prong since it is not clear that the Defendants would have filed its claims independently of the suit and they did occur closely in time with one another. Thus, Plaintiffs satisfies the prima facie standard for establishing a retaliation claim sufficient to survive a motion to dismiss and thus should be permitted to amend his complaint. Defendants have shown no prejudice in doing so and this is early enough in the litigation to have provided sufficient notice.

### III. CONCLUSION

Based on the foregoing, I GRANT Plaintiff's request to amend the complaint. The Clerk of the Court is ordered to close this motion and the parties shall continue with discovery. There are now two fully briefed motions to dismiss the complaint and counterclaims. Because the Plaintiff has been permitted to amend his complaint, I will extend the time for a fully briefed motion to dismiss the amended complaint until March 31, 2008. Both parties have requested oral argument and these cross-motions will be heard simultaneously on April 3, 2008. The remaining schedule for collective action and class certifications re-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 594768 (S.D.N.Y.)
**(Cite as: Slip Copy)**

mains unchanged.

**SO ORDERED.**

S.D.N.Y.,2008.
Fei v. WestLB AG
Slip Copy, 2008 WL 594768 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.