ALLYN & FORTUNA, LLP
Nicholas Fortuna (NF 9191)
Attorneys for Defendants
*DETROIT PHONE CARDS INC. D/B/A OMOBILE
And RAMI CHANINE*
200 Madison Avenue, 5th floor
New York, New York, 10016-3903
Ph: (212) 213-8844
Fax: (212) 213-3318

**UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

XTREME MOBILE INC.,

          Plaintiff,

-against-

DETROIT PHONE CARDS INC. D/B/A
OMOBILE AND RAMI CHANINE,

          Defendants.
-----------------------------------------------------------X

**Docket No.: 07 CV 9528**

**ANSWER TO FIRST
AMENDED COMPLAINT**

ECF CASE
(Electronically Filed)

**ANSWER OF DEFENDANTS DETROIT PHONE CARDS INC., D/B/A
OMOBILE AND RAMI CHANINE**

Defendants Detroit Phone Cards Inc., d/b/a Omobile ("Omobile") and Rami Chanine ("Chanine") by their attorneys Allyn & Fortuna LLP, hereby answers the First Amended Complaint of Xtreme Mobile, Inc. ("Xtreme") as follows:

1.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "1" of the plaintiff's amended complaint.

2.     Defendants admit that Omobile is a Michigan corporation and that Omobile sells prepaid wireless telephones throughout the United States, but deny all other allegations of paragraph "2" of the plaintiff's amended complaint.

1

3. Defendants admit that Chanine is a Michigan citizen and that Chanine is the President of Omobile.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "4" of the plaintiff's amended complaint.

5. Defendants deny all allegations of paragraph "5" of the plaintiff's amended complaint.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "6" of the plaintiff's amended complaint.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "7" of the plaintiff's amended complaint.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "8" of the plaintiff's amended complaint.

9. Defendants admit that Omobile entered into an agreement with Phonetec, that Omobile purchased airtime from Phonetec, and that Omobile sold airtime and telephone numbers with Omobile branded wireless telephones to consumers, but denies all other allegations of paragraph "9" of the plaintiff's amended complaint.

10. Defendants deny all allegations of paragraph "10" of the plaintiff's amended complaint.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "11" of the plaintiff's amended complaint.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "12" of the plaintiff's amended complaint.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "13" of the plaintiff's amended complaint.

14. Defendants deny all allegations of paragraph "14" of the plaintiff's amended complaint.

15. Defendants deny all allegations of paragraphs "15" of the plaintiff's amended complaint.

16. Defendants deny all allegations of paragraph "16" of the plaintiff's amended complaint.

17. Defendants deny all allegations of paragraph "17" of the plaintiff's amended complaint.

18. Defendants deny all allegations of paragraph "18" of the plaintiff's amended complaint.

19. Defendants admit that Omobile made full payment under an invoice issued by Xtreme notwithstanding the fact that it was not required to, but denies all other allegations of paragraph "19" of the plaintiff's amended complaint.

20. Defendants admit that Omobile made partial payment under an invoice issued by Xtreme notwithstanding the fact that it was not required to, but denies all other allegations of paragraph "20" of the plaintiff's amended complaint.

21. Defendants admit that Omobile did not make any further payments as Omobile was not required to make payment to Xtreme under subsequent invoices.

22. Defendants deny all allegations of paragraph "22" of the plaintiff's amended complaint.

23. Defendants deny all allegations of paragraph "23" of the plaintiff's amended complaint.

24. Defendants deny all allegations of paragraph "24" of the plaintiff's amended complaint as that amount of money is not owed.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "25" of the plaintiff's amended complaint.

26. Defendants deny all allegations of paragraph "26" of the plaintiff's amended complaint.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the first allegation of paragraph "27" of the plaintiff's complaint and deny all other allegations contained within paragraph "27" of the plaintiff's amended complaint.

28. Defendants deny all allegations of paragraph "28" of the plaintiff's amended complaint.

29. Defendants deny all allegations of paragraph "29" of the plaintiff's amended complaint.

30. Defendants deny all allegations of paragraph "30" of the plaintiff's amended complaint.

31. Defendants deny all allegations of paragraph "31" of the plaintiff's amended complaint.

32. Defendants incorporate all prior responses in its response to paragraph "32" of the plaintiff's amended complaint.

33. Defendants admit that there was a valid and enforceable agreement between Phonetec and Omobile.

34. Defendants deny all allegations of paragraph "34" of the plaintiff's amended complaint.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "35" of the plaintiff's amended complaint.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "36" of the plaintiff's amended complaint.

37. Defendants deny all allegations of paragraph "37" of the plaintiff's amended complaint.

38. Defendants deny all allegations of paragraph "38" of the plaintiff's amended complaint.

39. Defendants deny all allegations of paragraph "39" of the plaintiff's amended complaint.

40. Defendants deny all allegations of paragraph "40" of the plaintiff's amended complaint.

41. Defendants incorporate all prior responses in its response to paragraph "41" of the plaintiff's amended complaint.

42. Defendants deny all allegations of paragraph "42" of the plaintiff's amended complaint.

43. Defendants deny all allegations of paragraph "43" of the plaintiff's amended complaint.

44. Defendants deny all allegations of paragraph "44" of the plaintiff's amended complaint.

45. Defendants incorporate all prior responses in its response to paragraph "45" of the plaintiff's amended complaint.

46. Defendants deny all allegations of paragraph "46" of the plaintiff's amended complaint.

47. Defendants deny all allegations of paragraph "47" of the plaintiff's amended complaint.

48. Defendants deny all allegations of paragraph "48" of the plaintiff's amended complaint.

49. Defendants incorporate all prior responses in its response to paragraph "49" of the plaintiff's amended complaint.

50. Defendants deny all allegations of paragraph "50" of the plaintiff's amended complaint.

51. Defendants deny all allegations of paragraph "51" of the plaintiff's amended complaint.

52. Defendants deny all allegations of paragraph "52" of the plaintiff's amended complaint.

53. Defendants deny all allegations of paragraph "53" of the plaintiff's amended complaint.

54. Defendants incorporate all prior responses in its response to paragraph "54" of the plaintiff's amended complaint.

55. Defendants deny all allegations of paragraph "55" of the plaintiff's amended complaint.

56. Defendants deny all allegations of paragraph "56" of the plaintiff's amended complaint.

57. Defendants deny all allegations of paragraph "57" of the plaintiff's amended complaint.

58. Defendants deny all allegations of paragraph "58" of the plaintiff's amended complaint.

59. Defendants deny all allegations of paragraph "59" of the plaintiff's amended complaint.

60. Defendants deny all allegations of paragraph "60" of the plaintiff's amended complaint.

61. Defendants deny all allegations of paragraph "61" of the plaintiff's amended complaint.

62. Defendants deny all allegations of paragraph "62" of the plaintiff's amended complaint.

63. Defendants incorporate all prior responses in its response to paragraph "63" of the plaintiff's amended complaint.

64. Defendants deny all allegations of paragraph "64" of the plaintiff's amended complaint.

65. Defendants deny all allegations of paragraph "65" of the plaintiff's amended complaint.

66. Defendants deny all allegations of paragraph "66" of the plaintiff's amended complaint.

67. Defendants incorporate all prior responses in its response to paragraph "67" of the plaintiff's amended complaint.

68. Defendants deny all allegations of paragraph "68" of the plaintiff's amended complaint.

69. Defendants deny all allegations of paragraph "69" of the plaintiff's amended complaint.

70. Defendants incorporate all prior responses in its response to paragraph "70" of the plaintiff's amended complaint.

71. Defendants deny all allegations of paragraph "71" of the plaintiff's amended complaint.

72. Defendants deny all allegations of paragraph "72" of the plaintiff's amended complaint.

73. Defendants deny all allegations of paragraph "73" of the plaintiff's amended complaint.

74. Defendants incorporate all prior responses in its response to paragraph "74" of the plaintiff's amended complaint.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "75" of the plaintiff's amended complaint.

76. Defendants deny all allegations of paragraph "76" of the plaintiff's amended complaint.

77. Defendants deny all allegations of paragraph "77" of the plaintiff's amended complaint.

78. Defendants deny all allegations of paragraph "78" of the plaintiff's amended complaint.

79. Defendants deny all allegations of paragraph "79" of the plaintiff's amended complaint.

80. Defendants incorporate all prior responses in its response to paragraph "80" of the plaintiff's amended complaint.

81. Defendants deny all allegations of paragraph "81" of the plaintiff's amended complaint.

82. Defendants deny all allegations of paragraph "82" of the plaintiff's amended complaint.

83. Defendants deny all allegations of paragraph "83" of the plaintiff's amended complaint.

84. Defendants deny all allegations of paragraph "84" of the plaintiff's amended complaint.

85. Defendants deny all allegations of paragraph "85" of the plaintiff's amended complaint.

86. Defendants deny all allegations of paragraph "86" of the plaintiff's amended complaint.

87. Defendants deny all allegations of paragraph "87" of the plaintiff's amended complaint.

## FIRST AFFIRMATIVE DEFENSE

88. The amended complaint fails to state a cause of action against the answering defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

89. Plaintiff's claims are barred by the doctrines of waiver.

## THIRD AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred by the doctrines of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims are barred by the doctrines of laches.

## FIFTH AFFIRMATIVE DEFENSE

92. Plaintiff's claims are barred by the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

93. Plaintiffs' claims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

94. Plaintiff's claims are barred by the statute of frauds.

### EIGHTH AFFIRMATIVE DEFENSE

95. The plaintiff lacks personal jurisdiction over the defendant.

### NINTH AFFIRMATIVE DEFENSE

96. Venue is improper.

### TENTH AFFIRMATIVE DEFENSE

97. The plaintiff lacks standing to assert its claims against the defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

98. Plaintiff is not in privity of contract with defendants.

### TWELFTH AFFIRMATIVE DEFENSE

99. There was no valid assignment of Phonetec's alleged claims against the defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

100. The contractual provisions alleged by the plaintiff are not supported by consideration.

### FOURTEENTH AFFIRMATIVE DEFENSE

101. The plaintiff's claims are barred as Phonetec, LP is in breach of contract with Omobile.

### FIFTEENTH AFFIRMATIVE DEFENSE

102. To the extent that there was a contract between plaintiff and the defendants and/or the plaintiff assumed any obligations under any other contract with the defendants, plaintiff is in breach of contract.

### SIXTEENTH AFFIRMATIVE DEFENSE

103. To the extent that there was a contract between plaintiff and the defendants and/or the plaintiff assumed any obligations under any other contract with the defendants, plaintiff failed to perform and/or satisfy a condition precedent to the contract.

### SEVENTEENTH AFFIRMATIVE DEFENSE

104. Defendants are entitled to recoupment and/or setoff for goods and services that were charged at an amount above any agreed upon price, as well as goods and services that were not actually provided, and were not credited to the defendants or reimbursed to the defendants. Accordingly, the plaintiff's claims should be reduced by those amounts.

### EIGHTEENTH AFFIRMATIVE DEFENSE

105. The defendants are entitled to recoupment and/or setoff for amounts owed to defendants by Phonetec. Accordingly, the plaintiff's claims should be reduced by those amounts.

### NINETEENTH AFFIRMATIVE DEFENSE

106. To the extent that there was a contract between plaintiff and the defendants and/or the plaintiff assumed any obligations under any other contract with the defendants, defendants are entitled to recoupment and/or setoff for any damages caused by plaintiff's breach. Accordingly, the plaintiff's claims should be reduced by those amounts.

### TWENTIETH AFFIRMATIVE DEFENSE

107. Omobile is entitled to recoupment and/or setoff for plaintiff's tortious conduct, including but not limited to Federal trademark, unfair competition, and false advertising violations. Accordingly, the plaintiff's claims should be reduced by those amounts.

**WHEREFORE,** the defendants Detroit Phone Cards Inc., d/b/a Omobile and Rami Chanine, respectfully requests that the Court issue a judgment in favor of defendant and against plaintiff as follows:

1. Dismissing the complaint in its entirety;

2. Awarding costs and reasonable attorneys' fees for the costs incurred in defending the instant action;

3. Awarding such further relief as this court deems proper.

### JURY TRIAL DEMANDED

Defendants, by and through counsel, hereby request a trial jury in the above-captioned matter

Dated: May 29, 2008
    New York, New York

Respectfully submitted,

ALLYN & FORTUNA LLP

By _____
Nicholas Fortuna, Esq. (9191)
200 Madison Avenue, 5th Floor
New York, New York 10016
(212) 213-8844
(212) 213-3318 (facsimile)